1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD E. VONDERSCHER AND              No.  2:13-cv-00490-MCE-EFB
     HEATHER J. ROSS,
12
                      Plaintiffs,
13                                           **MEMORANDUM AND ORDER**
                v.
14
     GREEN TREE SERVICING, LLC,
15
                      Defendant.
16

17

18          Through this action, Plaintiffs Richard E. Vonderscher and Heather J. Ross

19   ("Plaintiffs") seek redress from Defendant Green Tree Servicing, LLC ("Defendant")

20   based on state law claims of intentional and negligent misrepresentation, fraud, breach

21   of contract and negligent infliction of emotional distress.  Plaintiffs also allege that

22   Defendant engaged in unfair competition in violation of California Business and

23   Professions Code section 17200.  The case was originally filed in California Superior

24   Court, County of El Dorado.  Defendant removed the action on March 11, 2013.

25   Presently before the Court is Plaintiffs' motion to remand the case to state court, filed on

26   March 22, 2013.  (ECF No.7.)  Defendant filed a timely opposition to the motion.  (ECF

27   No. 8.)  For the reasons set forth below, Plaintiffs' Motion to Remand is granted.[1]

28   _____
     [1] Because oral argument will not be of material assistance, the Court orders this matter submitted

1

1

2

## BACKGROUND[2]

3      Plaintiffs have lived in their home, located in South Lake Tahoe, for over twenty-

4 one years.  On November 11, 2005, Plaintiffs refinanced their home loan and executed a

5 deed of trust against the subject property as security for a loan of $362,500.  The lender

6 for the loan was American Brokers Conduit.  A deed of trust was recorded on

7 November 18, 2005.  Plaintiffs state that the loan was negatively amortized, "interest

8 only," with an interest rate of 6.375%.  Then, in 2007, Plaintiff Richard Vonderscher

9 retired, and Plaintiffs' income decreased.   Plaintiffs allege that "sometime after their loan

10 was funded, [Defendant] started servicing their loan."  Plaintiffs applied for a loan

11 modification in October 2012.  Plaintiffs' loan modification application is still pending, and

12 Defendants are preparing to foreclose on Plaintiffs' property.[3]

13

14

## STANDARD

15

16      There are two bases for federal subject matter jurisdiction:  (1) federal question

17 jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

18 A district court has federal question jurisdiction in "all civil actions arising under the

19 Constitution, laws, or treaties of the United States."  Id. § 1331.  A district court has

20 diversity jurisdiction "where the matter in controversy exceeds the sum or value of

21 $75,000, . . . and is between citizens of different states, or citizens of a State and citizens

22 or subjects of a foreign state . . . ."  Id. § 1332(a)(1)-(2).

23 ///

24 ///

25

26 on the briefs.  E.D. Cal. Local R. 230(g).
      [2] Unless otherwise noted, the following recitation of facts is taken, sometimes verbatim, from
Plaintiffs' Complaint.  (ECF No. 1.)

27      [3] While Plaintiffs' Complaint states that Defendant is preparing to foreclose on the property and

28 asks that the Court enjoin any foreclosure, Plaintiffs' Motion to Remand states that Plaintiffs are not in
default.

1   Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a

2   citizen of a different state from each defendant.  28 U.S.C. § 1332(a)(1); Caterpillar,

3   Inc. v. Lewis, 519 U.S. 61, 68 (1996) (stating that complete diversity of citizenship is

4   required).

5       When a party brings a case in state court in "which the district courts of the United

6   States have original jurisdiction," the defendant may remove it to the federal court

7   "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "The party

8   invoking the removal statute bears the burden of establishing federal jurisdiction."

9   Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.

10  Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  A motion to remand is the

11  proper procedure for challenging removal.  Courts "strictly construe the removal statute

12  against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)

13  (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first

14  instance," the court must grant the motion for remand.  Id.  Additionally, "[i]f at any time

15  before final judgment it appears that the district court lacks subject matter jurisdiction,

16  the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

17      If the district court determines that removal was improper, then the court may also

18  award the plaintiff costs and attorney fees accrued in response to the defendant's

19  removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees

20  whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-

21  Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

22

23                                    **ANALYSIS**

24

25      To demonstrate diversity jurisdiction existed at the time of removal, Defendant

26  must show that Plaintiffs and Defendant were of diverse citizenship and that it is more

27  likely than not that "the matter in controversy exceed[ed] the sum or value of $75,000,

28  exclusive of interest and costs."

                                         3

28 U.S.C. § 1331; Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir.1997); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir, 1996).

### A. Diversity of Citizenship

Defendant's removal papers state that Plaintiffs and Defendants are diverse, as Plaintiffs are citizens of California and "Green Tree Servicing is not and never has been a citizen of the State of California nor was it organized in the state of California." (ECF No. 1.)  Defendant is a limited liability company ("LLC").  According to the Ninth Circuit, "LLCs resemble both partnerships and corporations.  Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction."  Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  "This treatment accords with the Supreme Court's consistent refusal to extend the corporate citizenship rule to non-corporate entities, including those that share some of the characteristics of corporations." Id. (citing Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990) (treating a limited partnership as having the citizenship of all its members); Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 456-57 (1900) (refusing to extend the corporate citizenship rule to a "limited partnership association" although it possessed "some of the characteristics of a corporation")).  "This treatment is also consistent with the common law presumption that unincorporated associations are not legal entities independent of their members." Id. (citing Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 n.2 (9th Cir. 2002)).  Thus, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." Id.

Defendant's Notice of Removal states that Defendant is a Delaware limited liability company.  Defendant's sole member is Green Tree Licensing, LLC.  Green Tree Licensing LLC's sole member is Green Tree MH LLC, whose sole member is Green Tree HE/HI LLC, whose sole member is Green Tree CL LLC.

1   Green Tree CL LLC's sole member is Green Tree Investment Holdings II LLC, whose

2   sole member is Green Tree Credit Solutions LLC.  The sole member of Green Tree

3   Credit Solutions LLC is Walter Investment Holding Company LLC.  The sole member of

4   Walter Investment Holding Company LLC is Walter Investment Management

5   Corporation, a Maryland corporation with its principal place of business in Florida.[4]

6   Thus, Defendant is a citizen, for purposes of diversity jurisdiction, of Maryland and

7   Florida.

8           Plaintiff's Motion to Remand does not contest Defendant's diversity, and at this

9   stage Defendant is "merely required to allege (not to prove) diversity."  Kanter v. Warner-

10  Lambert Co., 265 F.3d 853 (9th Cir. 2001).  Accordingly, there is diversity of citizenship

11  between Plaintiffs and Defendant, and Defendant has satisfied this prong of § 1331.

12

13          **B.     Amount in Controversy**

14

15          If the Complaint alleges an amount in controversy greater than $75,000, the

16  controversy requirement is satisfied unless the Court is convinced to "a legal certainty"

17  that plaintiff cannot recover more than $75,000.  St. Paul Mercury Indemn. Co. v. Red

18  Cab Co., 303 U.S. 283, 288-89; Sanchez, 102 F.3d 398; see also Crum v. Circus Circus

19  Enters., 231 F.3d 1129, 1131 (9th Cir. 2000).  However, where the complaint leaves the

20  amount in controversy unclear or ambiguous, the burden rests with the removing

21  defendant to prove, by a preponderance of the evidence, that the amount in controversy

22  exceeds $75,000.  Gaus, 980 F.2d at 567.  A removing defendant "may not meet [the]

23  burden by simply reciting some 'magical incantation' to the effect that 'the matter in

24  controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal

25  petition the underlying facts supporting its assertion that the amount in controversy

26  exceeds [$75,000]."  Id.

27          _____

       [4] Defendant's Notice of Removal also lists the principal place of business and state of formation of
28  each of LLC.  However, under Ninth Circuit law regarding the citizenship of an LLC, this information does
    not bear on the citizenship of Defendant.

1   This requirement merely applies the general principle that a party seeking adjudication in

2   federal court bears the burden of proving that he or she belongs in federal court.

3   McNutt v. Gen. Motors Acceptance Corp. Of Indiana, 298 U.S. 178, 189 (1936).

4          The Complaint does not specify an amount in controversy.  Plaintiffs contend that

5   Defendant has not shown that the $75,000 amount in controversy is met, as they seek

6   damages only "related to loan modification and Defendants' failure of a good faith review

7   of Plaintiffs' loan modification application."  (ECF No. 7 at 4.)  Plaintiffs further contend

8   that while"[i]t is clear that Plaintiffs do not want to lose their home as they have lived

9   there for over 21 years[,] . . . Plaintiffs' home is not in default and therefore it is

10  premature for Defendant to assume that the amount of controversy can be determined

11  from seeking declaratory or injunctive relief."  (Id.)

12         Defendant argues that the primary purpose of Plaintiffs' lawsuit is to enjoin

13  Defendant from selling or transferring Plaintiffs' property in foreclosure, and that, to this

14  end, each of Plaintiffs' causes of action "attempts to prevent foreclosure on the

15  property."  (ECF No. 8 at 3.)  Thus, Defendant contends that the amount of Plaintiffs'

16  loan—$362,500—establishes the amount in controversy.  Defendants alternatively argue

17  that the amount in controversy could be established by the appraised value of the

18  subject property.  However, Defendant provides absolutely no evidence, or even

19  allegations, as to the property's value.

20         Contrary to Defendant's argument, the fact that Plaintiffs' complaint includes

21  mention of foreclosure, and indeed seeks to enjoin a potential foreclosure, is not

22  dispositive of whether the loan amount establishes the amount in controversy for

23  purposes of diversity jurisdiction.  See Horace v. LaSalle Bank Nat'l Ass'n, No.

24  3:08cv1019–MHT (WO), 2009 WL 426467, *1–2 (M.D. Ala. Feb.17, 2009) (cited in

25  Baskin v. Wells Fargo Bank, N.A., C 11-0825 SBA, 2011 WL 5369123 (N.D. Cal. Nov. 7,

26  2011)).

27  ///

28  ///

1    In Horace, the court granted the plaintiff's motion to remand where the "true gravamen of

2    [plaintiff's] complaint [was] the unspecified amount of damages [plaintiff] [sought] as a

3    result of alleged negligence and fraud associated with the procurement of the mortgage,"

4    even though the operative complaint in that case specifically asked the Court to enjoin a

5    foreclosure action.  Id.  The Horace court rejected the defendant's contention "that the

6    $75,000 amount-in-controversy requirement is met simply because the original value of

7    the mortgage was $283,500."

8         Numerous other courts have found that when a plaintiff does not seek to rescind

9    the loan at issue, but instead seeks damages in an unspecified amount under claims

10   such as breach of fiduciary duty, negligence, negligent misrepresentation, intentional

11   misrepresentation, fraud, violation of California Business and Professions Code section

12   17200, slander of title, defamation, and intentional infliction of emotional distress, the

13   amount in controversy is "not properly gauged by the loan amount."  See Gaspar v.

14   Wachovia Bank, No. C 10–3597 SBA, 2011 WL 577416, at *4 (N.D. Cal. Feb.9, 2011);

15   see also Baskin v. Wells Fargo Bank, N.A., C 11-0825 SBA, 2011 WL 5369123 (N.D.

16   Cal. Nov. 7, 2011); Landa v. Flagstar Bank, FSB, No. 10cv1429–L(BGS), 2010 WL

17   2772629, at *2 (S.D. Cal. July 13, 2010).  Similarly, courts have rejected using the

18   appraised value of the property as a measure of the amount in controversy when

19   Plaintiffs' action is "essentially a common law fraud action rather than a typical mortgage

20   foreclosure action."  Landa, 2010 WL 2772629 (S.D. Cal. July 13, 2010).

21        In the present case, Plaintiffs primarily seek to modify their loan through the

22   HAMP modification program and to recover damages related to Defendant's alleged

23   fraudulent or intentional failure to modify Plaintiffs' loan.  (See ECF No. 1.)  Plaintiffs

24   allege that they are not in default on their loan, and thus any foreclosure proceedings

25   appear entirely hypothetical.

26   ///

27   ///

28   ///

1   That is, although it is somewhat unclear from Plaintiffs' Complaint and Motion, the Court

2   understands Plaintiffs to reason that because Plaintiffs currently have a diminished

3   income, Plaintiffs need a HAMP modification to afford their loan, and Plaintiffs were

4   injured by Defendant's allegedly fraudulent failure to provide such a modification.

5   Accordingly, Plaintiffs' action is essentially a common law fraud action, and the amount

6   of Plaintiffs' loan is not the proper measure of the amount in controversy.  The appraised

7   value of the property (which Defendant did not provide) likewise does not provide a

8   proper measure of the amount in controversy in this case.

9        Defendant has failed to meet its burden of establishing by a preponderance of the

10   evidence that the amount in controversy exceeds $75,000.  Gaus, 980 F.2d at 567.

11   Because the Court must strictly construe the removal statute against removal

12   jurisdiction, the exercise of diversity jurisdiction is improper in this case, and this case

13   must be remanded to state court.  Id.

14

15                              **CONCLUSION**

16

17        For the reasons stated above, IT IS HEREBY ORDERED that:

18   1.      Plaintiffs' Motion to Remand (ECF No. 7) is GRANTED;

19   2.      All other pending motions are DENIED AS MOOT;

20   3.      This case is REMANDED to California Superior Court, County of

21           El Dorado; and

22   4.      The Clerk of the Court is directed to close the case.

23   IT IS SO ORDERED.

24   DATE:  May 1, 2013

25

26   _____
     MORRISON C. ENGLAND, JR., CHIEF JUDGE
27   UNITED STATES DISTRICT COURT

28